## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL H. ELINE, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-11-0767 |
| v. | : |
| | : (Judge Caputo) |
| JOHN E. WETZEL, *et al.*, | : |
| | : |
| Respondents | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 21, 2011, Paul H. Eline initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2006 Schuylkill County Court of Common Pleas conviction for 18 counts of Deceptive Business Practices. Presently before the Court is Mr. Eline's motion seeking appointment of counsel filed due to his desire to have the Court rule on his ripe petition. (Doc. 50, Mot. for Counsel.) For the following reasons the motion will be denied without prejudice.

There is no Sixth Amendment right to appointment of counsel in habeas corpus proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111, S.Ct. 2546, 2566-67, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1989)("the right to appointed counsel extends to the first appeal of right, and no further." "There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." *Reese v.*

*Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Nonetheless, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2)(B).

The exercise of discretion in this area is guided, however, by certain basic principles. The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims. *Reese*, 946 F.2d at 264-65. Thus, where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions appointment of counsel is unnecessary. *Id.*

In this case, there appear to be no circumstances that warrant the appointment of counsel at this time. The court's liberal construction of *pro se* pleadings, e.g., *Haines vs. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), coupled with petitioner's apparent ability to litigate this action *pro se*, militate against the appointment of counsel. Moreover, the legal issues are

relatively simple and it appears that there will be no need for a hearing. Respondents have filed a response to the petition, and Mr. Eline has filed his traverse. These events took place prior to Mr. Eline's present motion for counsel which is premised on his failure to receive "a positive ruling by this Court" to date. (Doc. 50 at p. 2). This is not a valid basis for appointing Mr. Eline counsel. Although the Court is unable to say at least at this point that Mr. Eline's claims lack merit, he clearly is not in need of counsel to represent him. He has filed a well pled habeas petition and traverse. His arguments are cogent and contain relevant legal citations. Moreover, at this point all of the documents necessary have been filed by the parties and the matter is currently ripe for the Court's consideration. In the event the Could determines that a hearing is necessary in this action, and that any further proceeding demonstrates the need for the appointment of counsel on Mr. Eline's behalf, the matter may be reconsidered, either *sua sponte*, or upon a motion properly filed by Petitioner. Accordingly, Mr. Eline's motion will be denied without prejudice.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**

**Date: November 9, 2012**